

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable John S. Baker
County Auditor
Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-4638
Re: Commissioners' Courts - contracts with attorneys for the collection of delinquent taxes.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I will appreciate your giving me an opinion answering the following:

"The County Attorney of Lamar County is far too busy to handle tax suits and has so certified to the Commissioners' Court. The Commissioners' Court had a contract with a local attorney, to collect delinquent taxes, which expired sometime ago.

"Since there are now very few tax matters requiring the services of an attorney and all available attorneys are too busy to take the tax contract, the Commissioners' Court has neither renewed that contract or made a new contract with any other attorney.

"For sometime it has been the practice of the Commissioners' Court to thoroughly investigate all requests for adjustment of back taxes, penalties and interest, before it. After full investigation the Commissioners' Court has in open court made a proper order showing their recommendation of any adjustment they have considered proper in the case of property which was on the rendered list.

"Of course a suit must be brought through the District Court to settle these cases where the property is on the rendered list. This is always a

"strictly friendly suit without any controversy
and is only a matter of form to collect the taxes
justly due and place the property on a paying
basis.

"The Commissioners' Court has therefore felt
at liberty to employ any reputable local attorney
to handle these occasional suits. A question has
recently been raised as to their authority to do
so.

"I will further state that the Commissioners'
Court pays no compensation to the attorney who
handles these cases by way of commissions or other-
wise.

"The question I want to have answered is there-
fore as follows:

"Under the above circumstances may the Commis-
sioners' Court in its discretion employ any repu-
table local attorney they see fit to employ for
the purpose of bringing each one of these entirely
friendly and agreed suits in the District Court,
or is it a matter of absolute necessity that they
make a Tax Contract in writing with one or more
local attorneys to handle these matters."

Articles 7335 and 7335a, Vernon's Annotated Texas
Civil Statutes, read as follows:

"Art. 7335. 7691 Contract with attorney

"Whenever the commissioners court of any
county after thirty days written notice to the
county attorney or district attorney to file
delinquent tax suits and his failure to do so,
shall deem it necessary or expedient, said court
may contract with any competent attorney to en-
force or assist in the enforcement of the collec-
tion of any delinquent State and county taxes for
a per cent on the taxes, penalty and interest ac-
tually collected, and said court is further author-
ized to pay for an abstract of property assessed
or unknown and unrendered from the taxes, interest
and penalty to be collected on such lands, but all
such payment and expenses shall be contingent upon
the collection of such taxes, penalty and interest.

Honorable John S. Baker, Page 3

It shall be the duty of the county attorney, or
of the district attorney, where there is no county
attorney, to actively assist any person with whom
such contract is made, by filing and pushing to
a speedy conclusion all suits for collection of
delinquent taxes, under any contract made as here-
in above specified; provided that where any dis-
trict or county attorney shall fail or refuse to
file and prosecute such suits in good faith, he
shall not be entitled to any fees therefrom, but
such fees shall nevertheless be collected as a
part of the costs of suit and applied on the pay-
ment of the compensation allowed the attorney
prosecuting the suit, and the attorney with whom
such contract has been made is hereby fully em-
powered and authorized to proceed in such suits
without the joinder and assistance of said county
or district attorneys. Acts 2nd C.S. 1923, p. 37;
Acts 3rd C.S. 1923, p. 182.

"Art. 7335a. Delinquent tax contracts.

"Sec. 1. No contract shall be made or entered
into by the Commissioners' Court in connection with
the collection of delinquent taxes where the com-
pensation under such contract is more than fifteen
per cent of the amount collected. Said contract
must be approved by both the Comptroller and the
Attorney General of the State of Texas, both as to
substance and form. Provided however the County
or District Attorney shall not receive any compen-
sation for any services he may render in connec-
tion with the performance of the contract or the
taxes collected thereunder.

"Sec. 2. Any contract made in violation of
this Act shall be void. Acts 1930, 41st Leg.,
4th C.S., p. 9, ch. 8."

It is our opinion that the above quoted statutes
are mandatory and exclusive and that the Commissioners' Court
has no authority to contract with an attorney to collect de-
linquent taxes (where the county attorney or district attorney
fail or refuse to collect delinquent taxes) in any manner other
than that set out in the above statutes. Such contracts are

subject to the approval of the Attorney General and the Comptroller both as to substance and form. All contracts with or employment of attorneys for the collection of delinquent taxes not in conformity with the above quoted statutes are void.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JUN 17, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:mp



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN